**BABCHIK & YOUNG, LLP**
ATTORNEYS AT LAW

245 MAIN STREET, SUITE 330
WHITE PLAINS, NY 10601
TEL (914) 470-0001
FAX (914) 470-0009

Writer's Extension 25

May 7, 2021

**Via ECF**
Hon. Frederic Block, U.S.D.J.
U.S. District Court, Eastern District of New York

   Re: David Levy v. Lawrence Garden Apartments DEL, LLC, et al.
      Docket No.: 21-cv-1415 (FB)(SJB)

Dear Judge Block:

  This office represents Defendants Lawrence Garden Apartments, Del, LLC, Lawrence Gardens Apartments, LLC, Cammeby's Realty Corp., Cammeby's Funding, LLC., Cammeby's Management Company, LLC, Revona Properties, Apartment Management Associates, LLC, Rubin Schron, Avi Schron and Eli Schron. Per Your Honor's Individual Rules of Practice and Order of August 7, 2019 [DE 20], we timely write to advise the Court of the Defendants' intention to move to dismiss the Complaint, in part, pursuant to Fed. R. Civ. P. 12(b)(6).[1]

  Briefly, Plaintiff is a current tenant of 3315 Nostrand Avenue. The building is owned by Lawrence Gardens Apartments Del, LLC, (the "Owner") and, indeed, is the only building Lawrence Gardens Apartments Del, LLC owns. Cammeby's Realty Corp. and Cammeby's Funding, LLC, have no relationship to the building at issue whatsoever. Apartment Management Associates, LLC is the management company for the subject building. Revona Properties is a "dba" of Apartment Management Associates, LLC. The sole member of Lawrence Gardens Apartments Del, LLC is a limited liability company in which individuals, Rubin Schron, Avi Schron and Eli Schron (and others) (collectively, the "Schrons") have an indirect membership interest.

  In the Complaint, Plaintiff asserts 14 causes of action that fall into 4 basic categories: (1) Federal, State and City law claims related to the accessibility of the building; (2) Federal, State and City law claims alleging sexual harassment; (3) Federal, State and City law claims alleging retaliation; and (4) a common law claim of negligent hiring, training and supervision. The bases for Defendants' intended motion are summarized, generally, as follows.[2]

  1. Plaintiff Cannot State a Claim Under the Fair Housing Act (the "FHA") (Count I)

  The FHA was amended in 1988 to prohibit discrimination in housing against persons with disabilities. *See* 42 U.S.C. § 3604(f). "Prohibited handicap discrimination may take several forms, including (1) disparate treatment, i.e., intentional discrimination; (2) disparate impact, i.e., the discriminatory effect of a facially neutral practice or policy; (3) a refusal to permit

---
[1] Per Your Honor's Rules, this letter is submitted within the time to Answer and its filing stays the time to do so.
[2] Defendants reserve the right to raise additional arguments in their motion should the facts and law warrant same.

1

'reasonable modifications of existing premises'; (4) a 'refusal to make reasonable accommodations in rules, policies, practices, or services'; or (5) a failure to 'design and construct' handicap accessible buildings." *Reyes v Fairfield Properties*, 661 F Supp 2d 249, 258 (E.D.N.Y. 2009).

Notwithstanding Plaintiff's reference to sections 3604(b),[3] 3613(c)[4] and 3617[5] in paragraph 2 of the Complaint, based on the allegations in Count I, it appears Plaintiff purports to assert a "reasonable accommodation" claim. *See* para. 49. However, such claims fail because to the extent that Plaintiff claims that Defendants were obligated to undertake wholly new construction or modify existing facilities, including the building lobby, ramps, etc., Plaintiff's claim fails under the plain language of section 3604(f)(3)(B), which speaks only to accommodations of "rules, policies, practices or services" and does not cover building renovation or reconstruction as an accommodation. *See Reyes*, 661 F.Supp.2d at 259. Although Plaintiff does not specifically allege that Defendants failed to design or construct the premises in compliance with accessibility features mandated by Section 3604(f)(3)(C) of the FHA, we note that such Section is inapplicable, since the building at issue was constructed for first occupancy in 1961, and Section 3604(f)(3)(C) of the FHA applies to multi-family housing with four or more units constructed after March 13, 1991. Although Plaintiff alleges that the building was renovated in or about 2001 to 2002, Section 3604(f)(3)(C) is not made applicable by renovations to an older building that take place after March 1991. *See Reyes,* 661 F.Supp.2d at 263.

Additionally, Plaintiff's claims under the FHA are likely barred by the two-year statute of limitations. To state a "reasonable accommodation" claim under the FHA, a plaintiff must show "that the requested modification or accommodation [is] reasonable and that the denial(s) result... in so diminishing that person's use and enjoyment of the premises as to constitute a denial of equal opportunity." *Martinez by Martinez v Lexington Gardens Assoc.*, 336 F Supp 3d 270, 277 (S.D.N.Y. 2018). Here, Plaintiff merely recites the existence of allegedly inaccessible conditions at the building and claims that Plaintiff's request(s) for accommodation were ignored and/or denied. However, Plaintiff does not allege any facts as to the accommodations requested, including the substance of the request(s), when the request(s) were made or when denied. However, to the extent that Plaintiff's prior Complaint to the New York State Division of Human Rights constituted a request, such Complaint was dismissed for administrative convenience more than two years ago, making Plaintiff's claim, if related to that denial, time-barred. 42 U.S.C. § 3613(a)(1)(A) (providing for a two-year statute of limitations).

2. All Claims Against the Individual Schron Defendants Should Be Dismissed

Under the FHA, liability cannot be imposed on the Schrons, individually, as they merely have an indirect membership interest in the LLC that owns the subject building. *See, e.g., Meyer v. Holley,* 537 U.S. 280, 285-89 (2003) (applying traditional rules of vicarious liability to housing discrimination cases). Similarly, there is no individual liability under Title III of the Americans with Disabilities Act ("ADA"). *See J.L. on behalf of J.P. v. New York City*

---

[3] Section 3604(b) prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." Disability and/or handicap is not covered by that Section of the FHA.
[4] Section 3613(c) describes the "[r]elief which may be granted" to a private person in a civil enforcement action.
[5] Section 3617 relates to retaliation claims under the FHA.[6] The 3rd Complaint was dismissed for administrative convenience after Plaintiff requested to withdraw the matter.

*Dep't of Educ.*, 324 F. Supp. 3d 455, 467 (S.D.N.Y. 2018) (dismissing ADA and Rehabilitation Act claims against individual defendant). Nor are such claims against the Schrons viable under the New York State or New York City Human Rights laws. *See, e.g. Francis v Kings Park Manor, Inc.*, 992 F.3d 67, 81 (2d Cir. 2021)("Executive Law § 296(2–a) and (5)(a) specifically set forth the categories of actors which may be held liable for engaging in the unlawful discriminatory practices that are defined within the statute. Executive Law § 296(2–a) identifies those actors as 'the owner, lessee, sub-lessee, assignee, or managing agent of publicly-assisted housing accommodations or other person having the right of ownership or possession of or the right to rent or lease such accommodations.' Executive Law § 296(5)(a) identifies those actors as "the owner, lessee, sub-lessee, assignee, or managing agent of, or other person having the right to sell, rent or lease a housing accommodation, constructed or to be constructed, or any agent or employee thereof.")(internal citations omitted); *see also Doe v Bloomberg*, L.P., 36 N.Y.3d 450 (2021)("Similarly, the legislature chose to make an 'owner, ... manager, ... agent or employee' of a place of public accommodation (*see id.* § 8–107[4][a]) and the 'owner ... of a housing accommodation' (*id.* § 8–107[5][a]) directly liable for discrimination, but again did not make those categories of individuals subject to vicarious liability as employers under section 8–107(13)(b). These differences in the statutory provisions demonstrate that employees, agents, and others with an ownership stake are not employers within the meaning of the City HRL").

3. Plaintiff's Prior Election of Remedies Bars His Claims, In Part

Plaintiff's state and city law claims are barred, in part, by Plaintiff's prior election of remedies. Specifically, Plaintiff previously filed three complaints with HUD, which complaints were then forwarded to the New York State Division of Human Rights ("SDHR") for investigation. Of those three complaints, two were dismissed by the SDHR without probable cause.[6] Those complaints related to the accessibility of the Management Office (discussed in paragraphs 33-35 of the Complaint, as well as in paragraph 37(8); and of the building's pool and locker room areas [discussed in paragraph 37(6)]. Thus, to the extent Plaintiff reasserts those claims in Counts 3 and 4 of the Complaint, those claims are subject to dismissal. *See Barker v Aramark Uniform & Career Apparel, LLC*, 2020 WL 5645092, at *7 (E.D.N.Y. 2020)("Plaintiff's NYCHRL claim is also barred because "the election of remedies doctrine under both the [NYSHRL and the NYCHRL] precludes a plaintiff from pursuing his discrimination claims in a court of law when the same claims were previously brought before a local administrative agency.") see also N.Y. Exec. Law § 297(9) and N.Y.C. Admin. Code § 8–502.

In light of the above, we respectfully submit that Defendants' proposed motion to dismiss will succeed in narrowing the issues for discovery and prevent Plaintiff from unduly harassing the Schron Defendants. We thank the Court for its consideration.

Respectfully submitted,

/s/ Siobhan Healy
Siobhan Healy (SH 3038)

---

[6] The 3rd Complaint was dismissed for administrative convenience after Plaintiff requested to withdraw the matter.