

**MARK DAVID SHIRIAN P.C.**
ATTORNEYS AT LAW

MARK DAVID SHIRIAN P.C.

228 East 45ᵀᴴ Street, Suite 1700-B
New York, NY 10017
Tel: (212) 931- 6530
Fax: (212) 898 - 0163
www.shirianpc.com

MARK D. SHIRIAN
mshirian@shirianpc.com

May 14, 2021

**Via ECF**
Hon. Frederic Block, U.S.D.J.
U.S. District Court, Eastern District of New York

      Re:    David Levy v. Lawrence Gardens Apartments Del, LLC, et al.
              Civil Case No. 21-cv-01415 (FB) (SJB)

Dear Judge Block:

Plaintiff David Levy, by and through his attorneys Mark David Shirian P.C., submits this letter motion in opposition to Defendants' letter motion, dated May 7, 2021, regarding their proposed motion to dismiss. Defendants' letter motion should be denied in its entirety.

      I. Plaintiff Can State a Claim Under the Fair Housing Act (the "FHA") (Count I)

At the outset, Defendants submit that Plaintiff is a current tenant of 3315 Nostrand Avenue. However, in actuality, 3315 Nostrand Avenue is one of three buildings that are deemed to be one residence for the purposes of the FHA and other applicable statutes. Specifically, the premises consists of a joined garage with two lobbies, four service entrance ramps, two main entrances with sunken lobbies and two swimming pools and a back sitting area.

Defendants submit that the building was renovated in or about 2001 or 2002 and Section 3604(f)(3)(C) is not made applicable by renovations to an older building that take place after March 1991. However, the reconstruction in 2002 was not in compliance with the code and is in violation of the FHA.

Defendants also submit that Plaintiff's FHA claims are likely barred by the two-year statute of limitations. Claims brought under the FHA are subject to a two (2) year statute of limitations. 42 U.S.C.A. § 3613(a)(1)(A). More specifically, the statute provides that "[a]n aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice." Id. The statute of limitations may be tolled provided a plaintiff can demonstrate the defendant concealed the cause of action's existence, and that the plaintiff remained unaware of it until some point within the applicable statutory period of commencing the action. *Grimes v. Fremont Gen.*

*Corp.,* 785 F. Supp. 2d at 291(March 31, 2011) (citing *Cardiello v. Money Store, Inc.*, No. 00-CV-7332, 2001 U.S. Dist. LEXIS 7107, 2001 WL 604007, at *4 (S.D.N.Y. June 1, 2001)).

Tolling of the statute of limitations period may be delayed "until the last discriminatory act in furtherance of it." *Shomo v. City of New N.Y.,* 579 F.3d. 176, 181 (2d Cir. 2009) (citations and punctuation omitted). The two (2) year statute of limitation may also be extended under the continuing violation doctrine. *Tejada v. LittleCity Realty LLC*, 308 F.Supp.3d 724, 733 (E.D.N.Y. 2018)(citing *Havens v. Coleman*, 455 U.S. 363, 380, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982)). For the continuing violation doctrine to apply, a plaintiff must demonstrate that the alleged discrimination was "not just an isolated violation, but an ongoing policy of discrimination which extend into the limitations period. *Clement v. United Homes, LLC*, 914 F. Supp. 2d 362, 373 (E.D.N.Y. 2012) citing *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 381, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982); *Grimes*,785 F.Supp.2d at 291-92. As such, because the allegations in Plaintiff's complaint reflect an "ongoing policy of discrimination which extend into the limitations period, Plaintiff's allegations are in fact timely.

II. Claims Against the Individual Schron Defendants Should Not Be Dismissed

Defendants submit that under the FHA, liability cannot be imposed on the Scrons, individually, as they merely have an indirect membership interest in the LLC that owns the subject building. In support of this argument, Defendants rely on *Meyer v. Holley*, 537 U.S. 280, 123 S.Ct. 824, 154 L. Ed. 2d 753 (2003), where the U.S. Supreme Court held that under the FHA, an employer or principal may be held vicariously liable in accordance with traditional agency principles, and that ordinarily, it is a corporation, and not its individual officers, which is the employer or principal. Id., 537 U.S. at 282, 123 S.Ct. at 827. The court did not say that individuals cannot be held liable under the FHA.

Similarly, in *Cleveland v. Bisuito d/b/a Caplaw Enters.*, No. 03-CV-6334 CJS(F), 2004 U.S. Dist. LEXIS 29339, 2004 WL 2966927 (W.D.N.Y. Dec. 21, 2004), the plaintiffs sued Charles Bisuito, who was a partner in Caplaw Enterprises, which owned the rental property at issue in that case. This Court granted summary judgment to Bisuito, finding that the partnership was the correct defendant. *Cleveland v. Bisuito d/b/a Caplaw Enterprises*, 2004 U.S. Dist. LEXIS 29339, 2004 WL 2966927 at *7. However, the Court did not hold that an individual such as Bisuito could never be sued under the FHA, but rather, it merely found that Bisquito was not the owner of the property.

Vicarious liability under the NYHRL is determined quite differently than under the FHA: "Under New York law, in order to recover against an [owner], the complainant must demonstrate that the [owner] acquiesced in the discriminatory conduct or subsequently condoned it." Father Belle Community Ctr. v. New York State Div. of Human Rights on Complaint of King, 221 A.D.2d 44, 53, 642 N.Y.S.2d 739, 746 (4th Dep. 1996); *Vitale v. Rosina Food Prods. Inc.,* 283 A.D.2d 141, 143, 727 N.Y.S.2d 215, 217 -218 (4th Dept. 2001) ("In order to hold a defendant liable under New York law for alleged pervasive harassment, a plaintiff must prove that the employer had knowledge of and acquiesced in the discriminatory conduct of its employee.") (citations and internal quotation marks omitted); *Heskin v. InSite Adver., Inc.,* No. 03 Civ. 2508 GBD AJP, 2005 U.S. Dist. LEXIS 2546, 2005 WL 407646 at *23 (S.D.N.Y. Feb. 22, 2005) ("Under § 296 of the NYHRL . . . an employer cannot be held liable for an employee's discriminatory act unless the



MARK DAVID SHIRIAN P.C.

228 East 45th Street, Suite 1700-B
New York, NY 10017
Tel: (212) 931- 6530
Fax: (212) 898 - 0163
www.shirianpc.com

MARK D. SHIRIAN
mshirian@shirianpc.com

employer became a party to it by encouraging, condoning, or approving it.") (citations and internal quotation marks omitted); but see, e.g., Perks v. Town of Huntington, 251 F.Supp.2d 1143, 1159 (E.D.N.Y. 2003) (Applying Title VII standard for vicarious liability to NYHRL claims.)

In the case at bar, the Schrons are the owners of the property, even though they do business under entities. As such, they should be held personally liable. *In re Golden Distributors, Ltd*., 134 B.R. 766, 769 (Bkrtcy.S.D.N.Y. 1991) ("The designation 'd/b/a' means 'doing business as' but is merely descriptive of the person or corporation who does business under some other name. Doing business under another name does not create an entity [separate] from the person operating the business. The individual who does business as a sole proprietor under one or several names remains one person, personally liable for all his obligations.") (citation omitted). See, *Gibbs ex rel. Estate of Gibbs v. CIGNA Corp*., 440 F.3d 571, 578 (2d Cir. 2006). Additionally, in light of the foregoing, it is. Indeed premature to dismiss the actions against the Schrons, as further discovery is required in order to determine whether the Schrons condoned and acquiesced in the alleged conduct. Accordingly, Defendants' motion should be denied.

### III. Plaintiff Was Issued An Administrative Convenience Dismissal Which Does Not Bar These Claims

Defendants submit that Plaintiff's prior election of remedies bars his claims, in part, which is incorrect. However, in *Glover v. Jones*, 522 F. Supp. 2d 496, 506-09 (W.D.N.Y. 2007), the court held that an administrative convenience dismissal permits a complainant himself to withdraw his complaint from the DHR and to pursue his claims before a court of competent jurisdiction instead. See, e.g., New York State Nat'l Org. for Women v. Pataki, 261 F.3d 156, 161 (2d Cir. 2001).As such, because Plaintiff was issued as Administrative Convenience Dismissal, he "shall maintain all rights to bring suit as if no complaint had been filed" (Executive Law former § 297 [9] ).

For the foregoing reasons, Defendants' proposed motion to dismiss should be denied.

Respectfully submitted,

Mark D. Shirian

cc: All Attorneys of Record (via ECF service)